[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTIONS TO ENFORCE SETTLEMENT AGREEMENTS WITH GAF CORPORATION
Before the court are the plaintiffs' motions to enforce settlement agreements with GAF Corporation. By these motions, plaintiffs seek to compel GAF Corporation to make payments under a settlement agreement as between plaintiffs counsel and the Center for Claims Resolution ("CCR"), a corporation that was established by a group of companies, includingGAF, for the purpose of defending, resolving, settling and paying asbestos related claims of injury and/or death. (Emphasis added)
The parties do not dispute and the court. therefore finds that from September 1988 through January 17, 2000, GAF was a member of the CCR and had joined CCR for the purpose of being relieved of the responsibility of negotiating settlement of asbestos-related injuries and/or death caused by alleged exposure to its asbestos containing products and/or facilities. In consequence of GAF's membership in CCR, the plaintiffs CT Page 11389 were directed to negotiate their claims against GAF with the CCR. On November 19, 1999, the plaintiffs entered into settlement agreements with CCR, as agent for its member companies including GAF. Payment from CCR, again on behalf of its member companies, was to be made to the plaintiffs within ninety (90) days of November 19, 1999.
On March 8, 2000, on behalf of its member companies, the CCR forwarded its check to plaintiffs "less the amounts payable for each of these claims by GAF Corporation." The accompanying letter added "the CCR has billed GAF Corporation for these amounts but GAF has to date refused to pay such billings."
"Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . This, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted; internal quotation marks omitted.) Gateway v. DiNoia, 232 Conn. 223,654 A.2d 342 (1995). "Apparent authority must be derived not from the acts of the agent but from the acts of his principal. [T]he acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority." (Internal quotation marks omitted.) Hallasv. Boehmke Dobosz, Inc., 239 Conn. 658, 674, 686 A.2d 491 (1997).
In the present case, in return for the settlement monies, the plaintiffs executed releases in favor of GAF Corporation. Therefore, the plaintiffs have been unable to recover a settlement that was made in exchange for surrender of valuable legal rights. There is no basis or contention that the plaintiffs are not entitled to recover that money. The court finds that the source of the payments rests with the individual members of CCR, and CCR by specific agreement and practice is given the power to allocate that amount subject to the right of the individual members to participate in separate proceedings. The court further finds that CCR had actual authority from GAF Corporation by virtue of a written agreement between CCR and GAF Corporation to engage in settlement negotiations with the plaintiffs, and, therefore, GAF Corporation is bound to make payments under the settlement agreements.
Accordingly, the court grants the plaintiffs' motions to enforce the CT Page 11390 settlement agreements, and hereby orders GAF Corporation to make payments to the plaintiffs in accordance with the settlement agreements entered into on their behalf by CCR on November 19, 1999. The court orders GAF Corporation to pay plaintiff Cunningham in the amount of $11,285.80 plus interest at 10 percent beginning ninety (90) days from the date of the settlement agreement, November 19, 1999. The court orders GAF Corporation to pay plaintiff Purgatore in the amount of $39,487.36 plus interest at 10 percent beginning ninety (90) days from the date of the settlement agreement, November 19, 1999.
 ORDER
Based on the foregoing, the plaintiffs' motions to enforce settlement agreements are hereby ordered GRANTED.
SKOLNICK, JUDGE.